UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Michael Marion Arnold, | ) | |
| | ) | |
| Petitioner, | ) | C/A No.: 7:13-cv-03500-GRA |
| | ) | (Cr. No.: 7:09-cr-00561-GRA-1) |
| v. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | (Written Opinion) |
| Respondent. | ) | |

This matter comes before this Court on Petitioner Michael Marion Arnold's ("Petitioner's") *pro se* Motion for Reconsideration of this Court's January 13, 2014 Order dismissing Petitioner's Motion pursuant to 28 U.S.C. § 2255.[1] ECF No. 77. For the reasons stated below, this motion is DENIED.

## Background

On August 26, 2009, Petitioner pled guilty before this Court to both counts of a two-count indictment. ECF No. 35. Count One charged Petitioner with being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e). ECF No. 2. Count Two charged Petitioner with knowingly using and carrying a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). *Id.* On February 11, 2010, this Court sentenced Petitioner to

---

[1] Petitioner fails to specify whether he seeks reconsideration of the court's October Order pursuant to Federal Rule of Civil Procedure 59(e) or 60(b). Petitioner uses the language of a Motion to Alter or Amend a Judgment pursuant to Rule 59(e) because he requests that this Court reverse its January 13, 2014 Judgment "with instructions to entertain the merits." ECF No. 77. Petitioner filed his motion on January 24, 2013, as indicated by the postmarked date on the envelope, ECF No. 77-3. *See Houston v. Lack*, 487 U.S. 266 (1988). Therefore, the Court construes Petitioner's motion as properly made pursuant to Rule 59(e) which states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e).

100 months of imprisonment on Count One and 84 months of imprisonment on Count Two to run consecutive for a total term of 184 months imprisonment. ECF No. 47.

Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 on December 11, 2013. ECF No. 67. On December 19, 2013, this Court granted Petitioner fifteen (15) days to show that his § 2255 Motion was timely filed. ECF No. 68. Petitioner did not respond. This Court denied Petitioner's § 2255 Motion on January 13, 2014. ECF No. 72. Petitioner now seeks reconsideration of the denial of his § 2255 Motion. ECF No. 77.

## Standard of Review

Petitioner brings this motion *pro se*. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## Discussion

Rule 59(e) allows a party to file a motion to alter or amend a judgment within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion to alter or amend a judgment is "an extraordinary remedy which should be used sparingly."

*Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright et. al, *Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995)).  It may only be granted for three reasons:  "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  *Id.*  Petitioner does not assert either of the first two grounds in the present Motion for Reconsideration; thus, the motion may only be granted to "correct a clear error of law or to prevent manifest injustice."  *Id.*  Petitioner argues that he never received a copy of the Court's Order asking Petitioner to show that his §2255 petition was timely filed.  ECF No. 77.  A copy of the Order was placed in U.S. mail on December 19, 2012, ECF No. 70, and Petitioner failed to provide the requisite response within fifteen days.  Thus, the Court properly dismissed Petitioner's § 2255 petition on the basis that it was untimely pursuant to the Anti-Terrorism and Effective Death Penalty Act (AEDPA).[2]

Having carefully reviewed Petitioner's Motion for Reconsideration, this Court finds that it presents no new controlling law, nor new evidence, nor does it point to any clear legal error of this Court.  Therefore, this Court finds that its prior decision was and is correct as a matter of law.

---

[2] The AEDPA's amendments to 28 U.S.C. § 2255 provide, in relevant part, that "A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255.  Petitioner was sentenced on February 11, 2010, and did not file a §2255 petition until December 11, 2013—clearly outside the one-year period of limitation.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Reconsideration is DENIED. The Court declines to issue a certificate of appealability in this matter.[3]

**IT IS SO ORDERED.**

*G. Ross Anderson, Jr.*
Senior United States District Judge

January  28 , 2014
Anderson, South Carolina

---

[3] On December 1, 2009, the Rules Governing Section 2254 and 2255 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* 28 U.S.C. § 2254, R. 11(a); 28 U.S.C. § 2255, R. 11(a). This amendment also encompasses motions to reconsider final rulings on habeas petitions. *See United States v. Haynes*, 354 F. App'x 763 (4th Cir. 2009) (per curiam).